May it please the Court, Lawrence Bemis and Lauren Brown on behalf of Park West Galleries. I'd like to reserve two minutes if I'm capable of the time, Your Honor. Your Honor, these consolidated appeals involve a party's right to contractual attorney fees. Not a startlingly new issue, but the issue that arises in this case, it has not come up often in the case. Including $14 in change for lunch. Your Honor, if I had to do that one over again, I apologize for that being in there. That was an error on our part. That should not have been in the fee petition. But that's not the issue on the appeal, fortunately. Okay. The issue here is whether under Section 1717 we were the prevailing party. On the contract. On the contract, Your Honor. Yes, that's where the whole thing breaks. That's correct, but the contract does have to be read in connection with Section 1717 because that's an overlay under the California law. And particularly the language that's critical to this case is, quote, the prevailing party on the contract shall be the party who recovered a greater relief in the action on the contract. That's the critical language and it gets transmuted. And that's the language from? That's the language from Section 1717. 1717 defines prevailing party for us. That's possible, isn't it, that there's no prevailing party in a case? It is possible. I mean, you got part of what you wanted, I got part of what I wanted, and really not. We both kind of prevailed and we both kind of lost, right? That is one of the four preclusive portions of Section 1717, the so-called mixed result. It's good news for one side and bad news, and it's also good news and bad news. So that is a possibility, but we don't have a mixed result case at all in this case. Well, what you have is a result that says no personal jurisdiction, which means that obviously they're free to file in some other forum. That is correct. There's been no resolution at all of the contract claim. That is correct. The dismissal was without prejudice. The dismissal was without prejudice, and then the second lawsuit was filed, and by rules of issue preclusion, that is final. That only is to the jurisdictional forum. Correct, it is. So it's basically, read what we said before, we say it again, there's no personal jurisdiction, go file in some other forum if you like to. It means, yes, it means in California the lawsuit is completely terminated, whether it be federal or state court. Is there some other forum in the United States where suit may be brought against your client on these alleged facts? Well, my client is a Michigan corporation headquartered in Michigan, and I would therefore assume she could obtain personal jurisdiction in Michigan. The issue hasn't come up because she hasn't done so. So the outcome here is not the end of any possible suit in the United States. Yes. Absent the statute of limitations at this point, there is always the possibility she could attempt to file a lawsuit in another jurisdiction. So she still has a live claim on the merits after the dismissal here. She has to go somewhere else. She may win or she may lose. She has a live claim. She may have a live claim in a jurisdiction other than California, depending on the laws of that jurisdiction. I don't know where she would purport to file. You're suggesting that she goes to Michigan. I just heard that. I'm just saying that's where my client resides. So if you had to get personal jurisdiction, I assume Michigan would be a place one would go. Okay. So that raises the question. Have you got a tape recording of that? Judicial estoppel is a relevant doctrine here. Okay. Subject to the statute of limitations. To what extent do trial courts have any discretion to make the call? The discretion is not exercised in this case. And I think that's the pivotal case here, at least from California law, as urged by Ms. Bautista. We don't think it applies. But that case was the one that said the discretion cannot be exercised if there's a plain winner in the case. If the results are all good for one side and all bad for the other, there is no discretion. There is no plain winner in this case. Yes, there is, Your Honor. I respectfully suggest there is a plain winner. Because in this case, the only lawsuit that was filed, whether there were two lawsuits filed, seriatim lawsuits, came to a complete and absolute termination in California. It's clear that under the language of the sue and under the statute, we look at what relief was obtained, not on the contract, but in the action on the contract. And that is a critical distinction that gets overlooked sometimes in a quick reading of the cases. It is what was the relief in the action? Not on the contract, but in the action. In this case, what was the relief? What happened in this action? The plaintiff files two actions, seriatim. She loses both actions. She recovers absolutely nothing. Park West paid nothing. Ms. Bautista can't refile her litigation anywhere in California, be it state or federal, because the issue preclusion now bars her by virtue of the second lawsuit in collateral estoppel, a lawsuit, by the way, that she refused to voluntarily dismiss when asked to do so to avoid the very issue we face here. Because if she had voluntarily dismissed it, we wouldn't be entitled to fees under Section 1717. I think that is undisputed, that that would be the case. And there's no pending litigation anywhere else. So as we are not here, where? Does it all depend upon the whim of Ms. Bautista, whether the $355,000 that was expended on this proceeding over... That much money? Your Honor, there were... And the only issue was jurisdiction? No. The issue, we started with jurisdiction. Then we had removal. We had amended complaints. We had two orders to show cause by the district court, which were subsequently resolved over whether the case was removable, whether diversity had been properly pled, etc. And then that action gets this, that action, after we briefed it twice because of an amended complaint being filed, it gets dismissed. We then get a second completely new action filed in the federal court, not in state court. We go through the same process of two complaints, two orders to show cause, as I recall, by the district court, directed to the plaintiffs on the grounds that they had not adequately pled diversity jurisdiction, which then had to be resolved. Then we had to brief the issue of collateral estoppel. If you look at the docket sheets in the case, which are tab 7 and 8 of the excerpts of record, there were a lot of filings in the case. But the issue of how much was spent in the case isn't here because the district court didn't decide that, Your Honor. So if the issue by the statute, 1717, is defined, who obtains the greater relief in the action on the contract? If that's the issue, we obtain the greater relief. Now what did the district court do? Because this is the pivotal point of the case. And this is cited at page 15 of our opening brief. And I know it's generally not appropriate to read, but this is something I think it's important for the course to focus on because it is the linchpin of the appeal. The district court said, in summary, there is a distinction between a prevailing party in an action and a prevailing party on a contract claim. The distinction is a decisive one. Accordingly, because the defendant secured a dismissal on technical grounds rather than a judgment on the merits of the contract claim, Park West is not the prevailing party. That's wrong. That's just wrong. What case, if any, does the district court rely on? He relies, for that point, he doesn't rely on any case other than the language of sue. That one sentence in sue, and I'd like to spend just a minute on what does that one sentence mean? Because it is, even in the federal cases, and I think there are six of them, we've acknowledged there's a split between the state and the federal cases on this point. The sentence in sue, which is the sentence that becomes the starting point for the analysis in a lot of the cases, is the prevailing party determination is made only upon a final resolution of the contract claims, and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions, citing Bank of Idaho. That in itself is important. So what does final resolution of the contract claims mean? Because that is the sentence from sue from which the district court relies. Final resolution means that there isn't an interim determination in the specific litigation that sends it back down for further proceedings. For example, a summary judgment is reversed, and you have to go back and try the case. And in fact, the case the Supreme Court of California cites, the Bank of Idaho case, was a sustaining to a demur to a third amendment complaint. That case had to go back and be tried, and the court said, no, you don't get your fees for winning that. Okay. I think we got that. Let's hear from the other side. And you've got 45 seconds, but we may, upon special plea, extend that somewhat. We'll make sure you get a chance to say what you need to say. Good morning, Your Honor. It's Norman Pine and Janet Dusdorf on behalf of where to begin, because I think the court has made... Don't assume we believe anything. We'd just like to ask questions. Let's begin with Shue, then. The language in Shue, which is dispositive, is the prevailing party determination... You read that to us, though. What is a final resolution of a case? It doesn't say of a case. It says final resolution. Final resolution of the contract claims. I think the best example of that would be in this case, if we take the advice to go to Michigan and sue, and we went on the contract, we will be the prevailing party. Under his theory, they will have been the prevailing party. So we have a situation where both sides have prevailed on the identical contract. That's an impossibility. The Bank of Idaho case, which Shue relied upon, the Lanker case, which is cited by the district court, et cetera, provide that there's... Provide that there's no possibility that there'd be more than one prevailing side, ultimately, in a given lawsuit. So the point is that there can only be one party who prevails on this contract. Now, as this court has pointed out, this victory is just a... It's kicking the can down the road. They can still be sued in Michigan. It's not contested that the statute of limitations had not run at the time of the argument, which should be... Is the determinative period. And it's also clear that it hasn't just... We can take judicial notice of the fact, the contract was entered in October of 2007, four year contract statute of limitations. So it still hasn't run, so they can be sued tomorrow in Michigan or anywhere else where they have jurisdiction. And at that point, the contract claims can be resolved. All that was decided here is that this was the wrong forum, but that does not get us anywhere near the final resolution of the contract claim. So it's not much different than a demur. Council tried to distinguish the demur case, saying, well, all they want is a demur, and they get to go back and relitigate the case. Again, the point is, all they want is a motion to dismiss, and we get to litigate the case if we choose, in Michigan or anywhere else that's appropriate. So it's the exact same situation. Nothing yet has happened. We're in the interim stage. Nobody sitting in this courtroom has any idea which party is right on the contract, which is all that matters under the statute and under the Supreme Court's determination of what it means. This was a lawsuit brought by your client because of a piece of art that was purchased on a cruise ship? That's my understanding, yes. That's your understanding? Yes, I mean, yes. I didn't focus on the underlying merits of the case because that's not the issue, but yes. Several pieces of art? Right, several. Over $20,000 worth? Yes. And so what, in monetary terms, what are the damages that you see as a result of this alleged misrepresentation? I assume the damages would be the value of the art, and then the underlying merits. Because if you don't say that, then I don't think you're being honest. Only when you say you're being honest do I believe you. You don't have to say I'm being honest. That suggests you might not previously have been. I take the court's point on that. I will watch my language on that. But I think that the point is that the focus, my focus has been totally on the meaning of... Let's know what this lawsuit is all about. How much money is your client trying to recover? I do not know the answer to that, Your Honor. It had nothing to do with the underlying action. I was hired to handle an appeal of a pure legal issue, and to be honest, I did not study the underlying complaint in any detail. It's interesting to me to know that lawsuits over $20,000 cost $500,000 in attorneys. Well, it was a would-be class action. Yes. Another one of those would-be class actions. Everything is a class action. A pot of gold at the end of the rainbow is a class action. Yeah. I wasn't sure whether there was anything that you wanted... I don't know how to answer your question more than I've answered it. Okay. But let me go to the point that the counsel made. There was this fly innuendo that she hasn't refiled the suit yet, and therefore this court should infer from that that the case is over and they won. And the problem with that is twofold. As I said, the proper time to focus on is at the time that the determination is made, and when that determination was made, nothing had happened. But let's assume argument. She can still, as I said, she can still file. She may still file. We don't know. But let's assume argument that she doesn't file. That does not change the equation in any way. Why do we even have to assume that? Because she still has time to file? That's what I'm saying. She does have time. Right. Okay. To the degree he was suggesting that we should infer that she won't file, and therefore they really did win, there is a very clear response to that, and I just wanted to make sure the court knew it. If you're saying you're not bothered by that issue at all, then I don't have to go down that path. I'm only speaking for myself. Well, let me just say that that would be. Okay. So we don't have to dwell on that. I think the bottom line is that nothing that we've heard today moves in any way the requirement that there be a final resolution of the contract claims as opposed to just a final end to the lawsuit in a particular jurisdiction. The other point, though, that I think are important is that there are numerous reasons that profit concepts, your job is to follow through in the first instance because the language. In their briefs they suggested it was dicta. I can address that if the court believes it's dicta. I don't think that there's any legitimate argument that that's a dicta, and if the court agrees with me that it's not, then it seems to me that ends the issue. If the court has any questions about whether it's dicta, I can go to the alternative grounds, which is that whether it's a dicta or not, it's at least persuasive data as to how the Supreme Court would rule, given the fact that four of the seven justices who joined the unanimous Schuh opinion are still sitting on the Supreme Court, and further, given the fact that the statute has not been amended in any way since the Schuh courts, justices unanimously held that a final determination on the merits is required. Not on the merits. A final resolution of the contract claims. That reminds me, the other point that counsel made that needs addressing is, as we discussed in our brief, the judge did misspeak in his order where he said final judgment on the merits. As we noted in our brief, we do acknowledge you don't need an actual final judgment on the merits. If you have a procedural judgment that disposes of the claim such that it can never be litigated again, such as a dismissal under the five-year statute, which is what was at issue in the Elms case and the Winnick case and some of the cases that profit concepts misconceived, if you have that, the de facto victory that's permanent, so there can never be a resolution in another court that says there's a different party that prevailed on the contract. As long as you have that, you've met the final resolution. So the judge did misspeak, but I think what he clearly meant, especially since he was citing Schuh for this proposition, was he meant final resolution of the contract claims as opposed to on the merits, and I don't think we should get hung up on that. I can discuss Shishler, which in the other case they heavily rely on, that involves a Florida statute that's totally different than the California 1717. It does not have a final resolution of the contract claims language. It doesn't have a limit to the court. I mean, it's a totally distinguishable statute. I don't think we have to spend much time on that. And other than that, I would submit unless the Court has any questions. I think not. Thank you. Thank you very much. I think you've saved 44 seconds. Say what you need to say. I will be brief. First, let me answer the question, what was at issue. It was not just 17 pieces of artwork. It was like 165,000 according to the class allegations, and the monetary damages were like $93 million based on the affidavits were filed. Had this been certified as a class action? Had it been certified, correct. So it was not a paltry action in terms of my client's potential liabilities in the case. The issue in this case, Your Honor, is not just what Sue says. It is what the statute says. 1717 is where you start. That's the statute. The statute says. We've read the statute. The statute says you look at who obtains the greater relief in the action. It doesn't say on the contract. And all of the California cases, not the federal cases, I acknowledge, all of the California cases agree that if you get a decision that results in a complete termination of the litigation in California, you win. Now, there's two published cases on this issue. And there are other cases pre-sue, including the Elms case and the Winnick case, which counsel says, you know, don't apply because they were dismissed with prejudice. Although that's in the case language, that's not the statutory point. We've read the cases. Okay. I just want to be clear. Well, never mind. If you've read the cases, Your Honor, I'll leave it at that. In this case, the Sue does not resolve our issue because it wasn't at issue when Sue. And the Supreme Court of California said multiple times it's not, it's dicta. We've read the cases. Okay. Then I'll leave it at that. Okay. Thank you, Your Honor. Thank both sides. The case of Bautista v. Parkwest Gallery submitted for decision. Thank you. Next case on the calendar, United States v. Murphy.
judges: Mahan, Trott, Fletcher W.